UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                      Case No. 24-cr-20048

v.                                  HON. MARK A. GOLDSMITH

D-3 TYRONE THURMOND, SR.,

      Defendant.
_____/

**OPINION & ORDER DENYING DEFENDANT TYRONE THURMOND, SR.'S MOTION FOR BOND WITH CONDITIONS (Dkt. 83)**

Defendant Tyrone Thurmond, Sr. is charged with the following: conspiracy to distribute and possess with intent to distribute a controlled substance (Count 1); possession of fentanyl with intent to distribute (Count 4); possession of a firearm in furtherance of a drug-trafficking crime (Count 7); and possession of a firearm by a convicted felon (Count 12). Indictment (Dkt. 1).

Following a detention hearing, Magistrate Judge Anthony P. Patti ordered Thurmond, Sr. detained pending trial. 2/12/24 Order of Detention (Dkt. 21). Before the Court is Thurmond, Sr.'s motion for bond with conditions (Dkt. 83). The Government opposes the motion (Dkt. 84). On October 2, 2024, the Court held a hearing on the motion. For the reasons that follow, the Court denies Thurmond, Sr.'s motion for bond with conditions.

1

## I. ANALYSIS

The Court must conduct a de novo review of the pretrial detention order. See United States v. Williams, 948 F. Supp. 692, 694 (E.D. Mich. 1996).

The Court must order a defendant detained if either of the following is established: (i) no condition or combination of conditions will reasonably assure the appearance of the person as required, based on a preponderance of the evidence, or (ii) no condition or combination of conditions will reasonably assure the safety of any other person and the community, based on clear and convincing evidence. 18 U.S.C. § 3142(e)(1), (f). Factors to be considered include (i) the nature and circumstances of the offense, (ii) the weight of the evidence of dangerousness, (iii) the history and characteristics of the person, and (iv) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

Under this standard, the Court finds that the Government has met its burden to demonstrate, based on clear and convincing evidence, that Thurmond, Sr. should remain detained, based on danger to the community. The nature and circumstances of Thurmond, Sr.'s offenses—including conspiracy to distribute and possession of controlled substances and possession of a firearm by a convicted felon and in furtherance of a drug-trafficking crime—are serious. Thurmond, Sr. acknowledges as much. See Mot. at 7. The weight of the evidence for dangerousness against Thurmond, Sr., as laid out in the Government's response, is strong. See Resp. at 4–14. Several firearms seized from Thurmond, Sr.'s home were out in the open. See id. at 9–12. Months after his home was searched, he was arrested and found with drugs, intended for distribution, hidden inside his shoe. See id. at 8. Thurmond, Sr. also has a preexisting criminal history including four felony drug offenses, although it is true that his prior conviction record does not involve

violent offenses. See id. at 14–15; Mot. at 10. The nature and seriousness of the danger posed by Thurmond, Sr.'s release here is high, as it involves a risk of continued distribution of large amounts of controlled substances as well as firearm possession and use. These factors weigh in favor of detention.

In support of the motion for bond with conditions, Thurmond, Sr. argues that he has strong community ties and a significant support network in his family. Mot. at 10. He explains that does not suffer from mental health issues or struggle with a substance use disorder. Id. He states that he is in good physical condition and able to pursue employment, education, and training programs. Id. at 10–11. During the hearing, he cited several recent Bible courses completed while in custody. In his motion (id. at 12) and during the hearing, he argued that various conditions, such as location monitoring, could reasonably assure his appearance as required or the safety of any other person and the community.

The arguments made by Thurmond, Sr. do not outweigh the Court's finding, after reviewing the § 3142(g) factors, that there are no conditions of release that will reasonably assure community safety. Confinement to his home, even with family monitoring, will not be effective in insulating him from drugs and firearms.

## II. CONCLUSION

For the reasons set forth above, the Court denies Thurmond, Sr.'s motion for bond with conditions (Dkt. 83).

SO ORDERED.

Dated: November 12, 2024   s/Mark A. Goldsmith
Detroit, Michigan   MARK A. GOLDSMITH
   United States District Judge

3